**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ernest Solomon HICKS, Defendant–**
**Appellant.**

**No. 09–11875**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 10, 2009.

Randolph P. Murrell, Gwendolyn L. Spivey, Federal Public Defender, Tallahassee, FL, for Defendant–Appellant.

Tiffany Hope Eggers, Pensacola, FL, E. Bryan Wilson, Tallahassee, FL, for Plaintiff–Appellee.

Before DUBINA, Chief Judge,
CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Ernest Solomon Hicks appeals the district court's denial of his motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(2). Hicks's § 3582(c)(2) motion was based on Amendment 706 to the United States Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine offenses. On appeal, Hicks argues that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), authorize a district court, in a § 3582(c)(2) proceeding, to (1) reduce the defendant's offense level by more than two levels, and (2) reduce the sentence of a career offender. He acknowledges that his argument is foreclosed by precedent, including *United States v. Moore,* 541 F.3d 1323 (11th Cir. 2008), *cert. denied, McFadden v. United States,* — U.S. —, 129 S.Ct. 965, 173 L.Ed.2d 156 (2009), and *cert. denied,* — U.S. —, 129 S.Ct. 1601, 173 L.Ed.2d 689 (2009), and *United States v. Melvin,* 556 F.3d 1190 (11th Cir.), *cert. denied,* —

---

U.S. ——, 129 S.Ct. 2382, 173 L.Ed.2d 1300 (2009). However, he contends that *Moore* and *Melvin* were wrongly decided and explains that he brought this appeal to preserve his arguments for the future.

"In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines" as well as all "questions of statutory interpretation." *Moore*, 541 F.3d at 1326 (quotation marks and citations omitted).

Under § 3582(c)(2), a district court may reduce the sentence of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

In *Moore*, we held that, if the defendant was sentenced as a career offender under U.S.S.G. § 4B1.1 and the range was not affected by U.S.S.G. § 2D1.1, then his sentence is not "based on a sentencing range that has subsequently been lowered." 541 F.3d at 1327–28. In *Melvin*, we rejected the argument that *Booker* and *Kimbrough* prohibit limitations on a judge's discretion in a § 3582(c)(2) proceeding. 556 F.3d at 1192. We have also held that a defendant is not entitled to a § 3582(c)(2) reduction by virtue of the advisory nature of the guidelines. *United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir.2008), *cert denied*, —— U.S. ——, 129 S.Ct. 1657, 173 L.Ed.2d 1025 (2009).

As Hicks acknowledges, his arguments are foreclosed by binding precedent. Accordingly, we affirm the district court's order denying Hicks's § 3582(c)(2) motion.

**AFFIRMED.**